IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM H. TAYLOR )
)
v. ) NO. 3:11-0745
)
DAVID SEXTON, et al. )

**O R D E R**

Presently pending is the plaintiff's "Rule 72 Response" (Docket Entry No. 25). Attached to the filing are 53 pages of documents. There is no such thing as a "Rule 72 Response" and, although the exact purpose of the filing is unclear, the response and attachments are made a part of the record.[1]

The plaintiff is advised that the record in the action still does not show that service of process has been executed on the defendants. As noted by the Court in the prior Orders entered October 3, 2011 (Docket Entry No. 12), and December 7, 2010 (Docket Entry No. 17), the plaintiff is responsible for serving the defendants with the summons and complaint, in compliance with Rule 4 of the Federal Rules of Civil Procedure and within 120 days of August 31, 2011, when the filing fee was paid, in accordance with Rule 4(m) or this action will be dismissed, unless this time is extended by the Court upon a showing of good cause.

The plaintiff appears to contend in his response that some type of mail has been sent to the Tennessee Attorney General and the Tennessee Parole Board. While this may be accurate, the plaintiff has not shown that the named defendants have been properly served with a summons and the complaint in this action.

---

[1] Because nowhere in his filing does the plaintiff either reference an order of the Court or indicate that he is seeking review of an order entered by the Court, the Court declines to construe the filing as a motion seeking review of an order of the Magistrate Judge under Rule 72.02(b) of the Local Rules of Court.

The plaintiff shall have until February 13, 2012, to show cause why his complaint should not be dismissed for his failure to comply with Rule 4(m). In other words, the plaintiff must, by February 13, 2012, provide proof that a summons and a copy of the complaint have been properly served on each of the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure, or provide an explanation for why he has not properly served the defendants. Copies of Postal receipts, see Docket Entry No. 24, are not sufficient to show proper service of process.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge