IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM H. TAYLOR | ) |
| | ) |
| v. | ) NO. 3:11-0745 |
| | ) |
| DAVID SEXTON, et al. | ) |

TO: Honorable Aleta Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 20, 2011 (Docket Entry No. 8), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), for case management, for decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions and for entry of a scheduling order.

Presently pending is the Motion to Dismiss (Docket Entry No. 37) filed by the Defendant State of Tennessee. Defendants James Austin, the Tennessee Board of Probation and Parole, Patsy Bruce, Charles Traughber, Yusuf Hakeem, Joe Hill, Lisa Jones, and Ronnie Cole have joined in the motion. See Orders entered April 10, 2012 (Docket Entry No. 43) and July 26, 2012 (Docket Entry No. 49). Also before the Court is the Plaintiff's response in opposition. See Docket Entry Nos. 46 and 48. For the reasons set out below, the Court recommends that the motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Southeast Tennessee State Regional Correctional Facility ("STSRCF"). In September 1985, a jury

in Davidson County found him guilty of two counts of aggravated rape of his minor daughter. He was sentenced to a 24-year term of imprisonment on each count and the sentences were ordered to be served consecutively. He unsuccessfully appealed his convictions and sentence in state court, State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), and has likewise been unsuccessful in gaining early release on parole. See Complaint (Docket Entry No. 1), at 22-24 and 27.

During the past decade, the Plaintiff has filed both habeas corpus petitions under 28 U.S.C. § 2254[1] and civil rights lawsuits under Section 1983[2] in the Middle District challenging the legality of his continued incarceration. In those actions, the plaintiff asserts, among other things, that his consecutive sentences are unlawful and have been illegally "stacked" for the purpose of calculating his release eligibility date, that his rights under the Ex Post Facto Clause and other constitutional rights have been violated. Specifically, the plaintiff contends that a Tennessee sentencing law passed in 1989 after his conviction was unlawfully applied to his sentence, and that a change in the parole hearing guidelines which went into effect after his sentencing and which increased the number of votes needed to obtain parole has been unlawfully applied to him. None of the prior actions resulted in any legal relief for the Plaintiff. In addition to these actions, the Plaintiff has also filed numerous other actions that have been dismissed as frivolous, which resulted in the denial of the plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 in this action. See Order entered August 12, 2011 (Docket Entry No. 4).

---

[1] Taylor v. McWherter, No. 3:92-0380 (Nixon, J.); Taylor v. Burson, No. 3:95-0054 (Wiseman, J.); Taylor v. Carlton, No. 3:06-0653 (Haynes, J.).

[2] Taylor v. Tennessee Board of Paroles, No. 3:04-0352 (Campbell, J.); Taylor v. Carlton, No. 3:07-0953 (Campbell, J.).

The Plaintiff filed this action pro se on August 4, 2011, as his most recent challenge. He seeks relief under Section 1983 against the State of Tennessee, the Tennessee Board of Probation and Parole ("TBOP"), Northeast Correctional Complex Warden David Sexton, and the seven members of the TBOP – Charles Traugher, James Austin, Patsy Bruce, Ronnie Cole, Yusuf Hakeem, Joe Hill, and Lisa Jones.[3] It is somewhat difficult to decipher exactly what claims are asserted in the Complaint because it consists, in large measure, of parts of complaints filed in other cases that have been copied verbatim into the instant Complaint but are interspersed with some new comments and allegations made by the Plaintiff. For example, pages 1-3 and 6-7 of the Complaint are essentially exact copies of the parts of the pleading the plaintiff filed in Taylor v. Carlton, No. 3:07-0953, a Section 1983 action that was dismissed on the merits by Order entered February 29, 2008. The Court's review of the Complaint in the instant action, when juxtaposed with the complaint in Taylor v. Carlton, indicates that the only new claims raised in the instant action are:

1. The Parole Board stated that it would review the Plaintiff's case again in August 2011, but it subsequently determined that it would not review the Plaintiff's case until May 2013. See Complaint (Docket Entry No. 1), at 3; and

2. The Plaintiff's Ex Post Facto rights have been violated because he is required to register as a sex offender even though the sex offender registry law, Tenn. Code. Ann. §§ 40-39-201 et seq., was not in place when he was sentenced. Id. at 4.

---

[3] The plaintiff also named the Tennessee Attorney General in the complaint. However, in the summonses the Plaintiff returned to the Clerk for service of process, he did not list the Attorney General as a separate defendant. See Docket Entry No. 36 and Order entered January 30, 2012 (Docket Entry No. 31), at n.3.

In lieu of answers, the Defendants seek dismissal of the action. The State of Tennessee argues that is not subject to suit under Section 1983 because it is not a person for the purposes of that statute and because of Eleventh Amendment immunity. Additionally, the Defendants contend that the Plaintiff's complaint is barred by the doctrine of res judicata because his claims have already been raised and heard in his prior Section 1983 action, Taylor v. Carlton, No. 3:07-0953. See Memorandum of Law (Docket Entry No. 38). The individual TBOP members also contend that the Plaintiff has made no factual allegations in his complaint which would support a claim of individual liability against them under Section 1983. See Motions for Joinder (Docket Entry Nos. 39 and 45).

In response, the Plaintiff explains that he is not suing the State of Tennessee, and argues that "[t]he way my sentence was handed to me consectively (sic) was in violation of my due process." See Docket Entry Nos. 46 and 48. He also resubmits part of his complaint and attaches a copy of State v. Adams, 788 S.W.2d 557 (Tenn. 1990), a case involving the adequacy under Tennessee law of a notice of intent to seek an enhanced sentence that was provided to a criminal defendant. See Docket Entry No. 46, at 6-12.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must

4

provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

This action should be dismissed. Initially, the Court finds that the Defendants' arguments have merit. It is well settled that the State of Tennessee is not a "person" subject to suit under 42 U.S.C. § 1983 and is, moreover, immune from Section 1983 damage suits under the Eleventh

Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). Further, the Complaint contains no factual allegations that any of the individually named defendants were personally involved in the alleged wrongdoings, which is a necessary component of any individual liability claim under Section 1983. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). Finally, most of the allegations in the Complaint relate to legal claims that have, in some shape or form, been raised by the Plaintiff in his prior actions and that are barred from being raised and reviewed again in this action by the principles of res judicata. See Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir.1995); White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir. 1986). The Plaintiff simply cannot continue to raise claims that his consecutive sentences and the computation of his release eligibility date are unconstitutional when these claims have been previously heard and denied. See Skinner v. Bolden, 89 Fed.Appx. 579, 2004 WL 504353, *1 (6th Cir. Mar. 12, 2004) (the district court properly dismissed prison inmate's Section 1983 claims that had been resolved in prior action when the same basic claims were raised in a second action).

The Defendants' arguments, although legally sound, do not specifically address the two new claims raised by the Plaintiff in his Complaint. However, the Defendant's lack of argument on these two claims is inconsequential because the two claims clearly fail to state claims upon which relief can be granted.

The Plaintiff has not shown how any of his federal, constitutional rights were violated because of the dates that were listed for his future review by the TBOP. Prisoners have "no constitutional or inherent right" to parole or a parole hearing, Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and the Tennessee parole scheme does not create

an expectation that parole will be granted that is sufficient to trigger a constitutionally protected liberty interest. See Wright v. Trammell, 810 F.2d 589, 590-91 (6th Cir. 1987); Seagroves v. Tennessee Bd. of Prob. & Parole, 86 Fed.Appx. 45, 48, 2003 WL 22976652 (6th Cir. Dec. 8, 2003); Hickman v. Traughber, 2000 WL 1562844 (6th Cir. Oct.12, 2000). Further, it appears that the Plaintiff suffered no harm and actually had a hearing in 2005, well before he was originally scheduled to be heard again in 2013. Upon the denial of parole in May 2003, he was set for review in May 2013. See Docket Entry No. 1, at 24. However, his eligibility for parole was reviewed again merely two years later in August 2005, and upon the denial of parole, he was set for review again in August 2011. Id. at 27. It is unknown whether a parole hearing occurred in August 2011, or whether that hearing was cancelled.

The Plaintiff's second claim is that the mandatory registration requirements of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-202 et seq., violate the Ex Post Facto Clause of the Constitution. This claim has no legal merit. In 2007, the Sixth Circuit Court of Appeals held that the statute does not violate the Ex Post Facto Clause. Doe v. Bredesen, 507 F.3d 998 (6th Cir. 2007); Cutshall v. Sundquist, 193 F.3d 466, 476-77 (6th Cir 1999) (finding that the previous version of the Act, the Tennessee Sex Offender Registration and Monitoring Act, Tenn. Code. Ann. §§ 40-39-101 et seq, was not punitive and did not implicate Ex Post Facto concerns). See also Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2002) (Alaska's Sex Offender Registration Act did not violate Ex Post Facto Clause); U.S. v. Coleman, 675 F.3d 615 (6th Cir. 2012) (federal Sex Offender Registration and Notification Act did not violate Ex Post Facto Clause).

The Plaintiff's two responses in opposition to the motion to dismiss are essentially the same and fail to set forth any legal basis for why this action should not be dismissed. The state law case attached to his response, see Docket Entry No. 46, at 6-12, is irrelevant to the actual claims he has raised in the instant action and provides no support for his response in opposition.

## RECOMMENDATION

Based on the foregoing, the Court recommends that the motion to dismiss (Docket Entry No. 37) be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety as to all named defendants.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[4] Although Defendant David Sexton has not appeared in the action, the dismissal of the action should apply to him given the lack of legal merit in the plaintiff's underlying claims.